**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher C Gonzales, | No. CV-21-08107-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff's Attorney Frederick J. Daley, Jr.'s ("Daley") Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) ("Petition").[*] (Doc. 29.) The Commissioner of the Social Security Administration ("Commissioner") neither supports nor opposes Daley's request. (Doc. 30 at 2.) The Court will grant the Petition.

## I.      BACKGROUND

The Commissioner initially denied Plaintiff Christopher Gonzalez's ("Gonzalez") request for Social Security Benefits, and he sought review of that decision in this Court. (Doc. 1 at 3.) After the parties traded briefs, the Court granted the parties' Stipulation to Remand for Further Administrative Action Pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 24.) The Clerk entered judgment in favor of Gonzalez and ordered the Commissioner to remand the case to an administrative law judge ("ALJ") for further action. (Doc. 25.) On Gonzalez's motion, the Court then granted the parties' Stipulation for Award

---

[*] The Petition requests relief under § 206(b)(1) of the Social Security Act, which is codified as amended at 42 U.S.C. § 406(b)(1). The Court refers to § 406(b)(1) rather than the § 206 of the Act for clarity and consistency.

of Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $5,685.87. (Doc. 27.)

On remand, the ALJ found that Gonzalez was entitled to monthly disability benefits beginning in March 2019. (Doc. 29-1 at 1.) In its Notice of Award, the Social Security Administration ("SSA") notified Gonzalez that it was withholding $30,777.75 in case it needed to pay his attorney. (*Id.* at 3 ("We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee.")) Daley now asks the Court to award him and his team $30,777.75, minus the $5,685.87 EAJA fee, for a total award of $25,091.88 pursuant to 42 U.S.C. § 406(b). (Doc. 29 at 8.)

## II.    LEGAL STANDARD

When an attorney obtains a favorable judgment for a represented Social Security claimant in court, the court can award a reasonable fee for the representation, provided the fee does not exceed 25% of the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The court gives primacy to a contingent-fee arrangement between the claimant and his attorney. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court then determines reasonableness based on the character of the representation and the results achieved. *Id.* at 808; *Crawford v. Astrue*, 586 F.3d 1142, 1149, 1151 (9th Cir. 2009). A court can adjust downward if "the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

The SSA has no direct interest in how much of the award goes to counsel, so district courts have an affirmative duty to determine whether the fee is reasonable. *Id.* at 1149. If a claimant's attorney receives fees under both EAJA and § 406(b), the claimant's attorney must "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.

## III.    DISCUSSION

The requested $30,777.75 is reasonable under the *Gisbrecht* factors. Gonzalez agreed to allow Daley to withhold 25% of recovered past-due benefits, which Daley now requests. (Doc. 29-2 at 1.) While the Notice of Award does not provide the total amount of past-due benefits awarded to Gonzalez, the Court infers that the Commissioner's

withholding $30,777.75 as 25% of the total results in an award of $123,111.00. *Maske v. Comm'r of Soc. Sec. Admin.*, No. CV-18-04891-PHX-DWL, 2026 WL 242858, at *1 (D. Ariz. Jan. 29, 2026) ("In the Court's experience, the amount withheld is consistently 25% of the total amount."). Daley's itemization of services indicates that he and his team spent 31.45 hours providing services to Gonzalez, resulting in a request for $978.62 per hour ($30,777.75/31.45).

While the record contains no indication of substandard representation or delay, the provided time log does contain entries for clerical tasks by non-lawyers working with Daley. (Doc. 29-3 at 5–6; Doc. 29-4 at 1.) Legal assistant David Solomonik and case manager Anjali Rathore logged 3.4 and 2.1 hours, respectively, completing various administrative tasks (such as faxing release forms, mailing service packets, and downloading various documents) and "noting" observations about the case. (Doc. 29-4 at 1.) These clerical tasks are not legal services calculable into a § 406(b) request. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Solomon v. Comm'r of Soc. Sec. Admin.*, No. CV-18-00306-PHX-DWL, 2021 WL 4355635, at *2 (D. Ariz. Sep. 24, 2021) ("Time billed for clerical tasks should not be included in the [§ 406(b)] award because such tasks should be subsumed in firm overhead rather than billed."); *Neil v. Comm'r Soc. Sec. Admin.*, 495 Fed. App'x 845, 847 (9th Cir. 2012) (denying attorney's fees for "purely clerical tasks such as filing documents and preparing and serving summons"). The Court accordingly subtracts Solomonik's and Rathore's logged time (5.5 hours) from the reasonableness calculation.

The resulting 25.95 hours of legal work done by Daley and Stephen Sloan, the other attorney representing Gonzalez, provides an hourly rate of $1,186.04 ($30,777.75/25.95). Even subtracting this time, $1,186.04 is a reasonable hourly rate in the District of Arizona. *See Norris v. Comm'r Soc. Sec. Admin.*, No. CV-21-08204-PCT-DJH, 2025 WL 3089008, at *2 (D. Ariz. Nov. 5, 2025) (holding that an hourly rate of $1,284.33 was reasonable); *Williams v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00136-PHX-JAT, 2025 WL 1342821, at *2 (holding that an hourly rate of $1,482.05 was reasonable). Daley and Sloan were also

able to achieve the results that Gonzalez requested, namely that he received Social Security benefits. *Gisbrecht*, 535 U.S. at 808. This award would also not result in a windfall for Plaintiff's attorneys. *Id.* Accordingly, considering the *Gisbrecht* reasonableness factors, the Court finds that the requested $30,777.75 fee award is reasonable.

Because Daley also received an EAJA award, he must "refund to the claimant the amount of the smaller fee." *Id.* at 796. In lieu of sending the refund himself, Daley requests that the Court permit him to retain the $5,685.87 EAJA fee and direct the Commissioner to subtract it from the total withheld, and to refund the net balance ($25,091.88) to Gonzalez. (Doc. 29 at 8.) But *Gisbrecht* directs *the claimant's attorney* to refund the smaller fee award; the Commissioner cannot do it for him. *See* 535 U.S. at 796. While it would result in the same awards to the parties involved, the Court must therefore deny Daley's request.

**IT IS THEREFORE ORDERED** that Plaintiff's Attorney's Petition for Attorney Fees (Doc. 29) is **GRANTED** in the amount of $30,777.75.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must, after receipt of the above awarded fee, refund to Plaintiff the fee previously awarded under the EAJA in the amount of $5,685.87.

Dated this 27th day of February, 2026.

Michael T. Liburdi
United States District Judge

- 4 -